## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNYSLVANIA

_____
                                         :
UNITED STATES OF AMERICA          :
                                         :            CRIMINAL ACTION
           v.                            :
                                         :            NO. 11-619
ALEXANDER RIVERA,                 :
                     Defendant.          :
_____:

### MEMORANDUM OPINION

**RUFE, J.**                                                **March 13, 2015**

Defendant, now proceeding *pro se*, is charged with one count of knowing possession of a

firearm in violation of 18 U.S.C. § 922(g)(1). Presently before the Court is Defendant's motion

for reconsideration of the Court's Order of April 4, 2013 that allowed the government to

introduce certain evidence of Defendant's possession of other firearms pursuant to Federal Rule

of Evidence 404(b).[1] Defendant's argument for reconsideration is based upon two recent Third

Circuit decisions, *United States v. Caldwell* and *United States v. Brown*, which addressed the

admissibility of Rule 404(b) evidence in § 922(g)(1) cases.

### I.      FACTUAL AND PROCEDURAL HISTORY[2]

This case arises out of a traffic stop on the night of September 12, 2011. While Defendant

was sitting in the back seat of a Ford Explorer, Philadelphia Police Officer Brian Waters saw

Defendant moving frantically, at first as though he was reaching down and then as though he was

making a kicking motion. Concerned that the Defendant might be armed and dangerous, Officer

Waters opened the right rear passenger door and ordered Defendant to keep his hands visible and

---

[1] The motion was filed by Defendant's former counsel before Defendant chose to proceed *pro se*. At a hearing on March 12, 2015, however, Defendant stated on the record that he adopted the motion and its contents.
[2] The facts are drawn from the testimony of Officer Waters and his partner Officer Kevin Gorman at two hearings on Defendant's Motion to Suppress where the Court found each officer's testimony credible.

sit still. Officer Waters saw the silver slide of a handgun protruding from a book bag on the floor in front of Defendant. Officer Waters then handcuffed the Defendant, removed him from the vehicle, and radioed for backup. Officer Waters searched the bag and found that it contained a loaded .45 caliber silver semiautomatic handgun, a loaded .22 caliber revolver, and a black magazine of .45 caliber ammunition. On October 6, 2011, Defendant was indicted in the United States District Court for the Eastern District of Pennsylvania on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

On September 4, 2012, following two defense motions to continue trial, the government filed a motion in limine to admit four pieces of evidence that the Defendant had possessed additional guns: 1) four videos of the Defendant shooting guns at a shooting range that were posted to YouTube on February 27, 2011; 2) a document showing that Defendant shot guns at a shooting range on February 23, 2011; 3) photographs of the Defendant with guns at the shooting range and a photograph of Defendant with a gun and related message dated May 30, 2011, all as posted to Facebook; and 4) eight recordings of post-arrest telephone conversations in which the Defendant instructed his girlfriend to sell a gun owned by Defendant. The government contended that this evidence was admissible under Rule 404(b) to prove (1) motive and opportunity to knowingly possess guns and (2) absence of mistake or lack of accident in possessing guns.

On April 4, 2013, the Court ruled that limited evidence of Defendant's possession of other guns was admissible. The Court found that the evidence that Defendant possessed guns prior to his arrest was admissible for three Rule 404(b) purposes: 1) to show state of mind, knowledge and intent to commit the acts charged in the indictment; 2) to show motive and opportunity to commit the acts charged in the indictment; and 3) absence of mistake or lack of accident in committing the acts charged in the indictment. However, due to the cumulative

prejudicial effect of showing the jury multiple pictures and videos of the Defendant possessing guns, the Court allowed the government to show only one still from a YouTube video that clearly showed Defendant holding a gun. The Court found that the post-arrest recordings of the Defendant instructing his girlfriend to sell a gun were relevant to show absence of mistake or lack of accident in the acts charged in the indictment. The Court further found that any prejudice to Defendant from the recordings was not unfair and did not outweigh the probative value of the evidence and therefore admitted the recordings.

On July 24, 2014, the Third Circuit filed its opinion in *United States v. Caldwell*. On August 27, 2014, the Third Circuit filed its opinion in *United States v. Brown*. On November 24, 2014, Defendant's counsel filed this motion to reconsider.

## II.    STANDARD OF REVIEW

The law authorizes litigants to file motions for reconsideration to allow courts "to correct manifest errors of law or fact" and to afford litigants the opportunity "to present newly discovered evidence."[3] Buttressed by these practical considerations, motions for reconsideration will be granted only where: (1) new evidence becomes available; (2) there has been an intervening change in the controlling law; or (3) a clear error of law or manifest injustice must be corrected.[4] Thus, "[i]t is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through – rightly or wrongly."[5]

## III.    DISCUSSION

Defendant is charged with knowing possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The statute provides that it is unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to "possess in or

---

[3] *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).
[4] *NL Industries, Inc. v. Commercial Union Ins. Co.*, 65 F.3d 314, 324 n. 8 (3d Cir. 1995).
[5] *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotations omitted).

affecting commerce, any firearm or ammunition."[6] A knowing possession charge pursuant to §

922(g)(1) requires the government to prove three elements: "(1) the defendant has been

convicted of a crime of imprisonment for a term in excess of one year; (2) the defendant

knowingly possessed the firearm; and (3) the firearm traveled in interstate commerce."[7] In order

to show possession, the government must prove that the Defendant actually or constructively

possessed the gun. Actual possession requires the government to prove "that the defendant

exercised direct physical control over the weapon."[8] Constructive possession, however, merely

requires the government to prove that the defendant "exercised dominion or control over the area

in which the weapon was found."[9] In *Caldwell*, the Court of Appeals addressed the admissibility

of evidence that the Defendant had possessed guns other than the guns charged in the indictment

in the context of an actual possession charge; the decision in *Brown* examined the admissibility

of evidence that the Defendant had possessed other guns in a constructive possession case.

    Rule 404(b) governs the use of evidence that the defendant possessed other guns in a

§ 922(g)(1) case. Rule 404(b) applies to "[e]vidence of a crime, wrong, or other act" for which

the defendant is not charged, which are commonly referred to as "prior bad acts," although the

Rule applies to acts occurring after the charged conduct as well. The Rule provides that prior bad

act evidence is inadmissible to show that the defendant has a propensity to act in this manner.

Prior bad act evidence may be admissible, however, "for another purpose, such as proving

motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of

accident."[10] Rule 404(b) is a "rule of general exclusion"[11] and therefore evidence of prior bad

---

[6] 18 U.S.C. § 922(g)(1).
[7] *United States v. Huet*, 665 F.3d 588, 596 (3d Cir. 2012).
[8] *United States v. Caldwell*, 760 F.3d 267, 278 (3d Cir. 2014).
[9] *Id.*
[10] Fed. R. Evid. 404(b).
[11] *Caldwell*, 760 F.3d at 276.

acts "is inadmissible unless the evidence is (1) offered for a proper non-propensity purpose that is at issue in the case; (2) relevant to that identified purpose; (3) sufficiently probative under Rule 403 that its probative value is not outweighed by any inherent danger of unfair prejudice; and (4) accompanied by a limiting instruction, if requested."[12]

    i.     *Offered for a Proper Non-Propensity Purpose At Issue in the Case*

When the government alleges only actual possession, *Caldwell* instructs that knowledge is not material because "absent unusual circumstances (such as when a defendant claims he did not realize the object in his hand was a gun), the knowledge element in a felon-in-possession case will necessarily be satisfied if the jury finds the defendant physically possessed the firearm."[13] Even if the government alleges only actual possession, the defendant may place knowledge at issue by raising a knowledge defense, however improbable it may be.[14] If the Defendant places knowledge at issue during the trial, the government may offer evidence that the Defendant possessed other guns in rebuttal.[15]

In *Brown*, the Third Circuit addressed the "paradigmatic constructive possession scenario … where a firearm is found in proximity to a defendant who claims he did not know it was there."[16] The *Brown* court therefore had "no difficulty" finding that knowledge was a proper purpose for which to offer Rule 404(b) evidence.[17] The Court notes that in the motion for reconsideration, Defendant stated it is his position that he does not contest that the backpack was his, but instead contends that the guns were never inside the backpack.[18] The government agrees that if Defendant stipulates to the ownership of the backpack and its contents, the government

---

[12] *Id.* at 277-78.
[13] *Id.* at 279.
[14] *See id.* at 281 (stating that defendant's trial testimony may place knowledge at issue by alleging that he did not know that the object in his hand was a gun).
[15] *Id.*
[16] *United States v. Brown*, 765 F.3d 278, 292 (3d Cir. 2014) (internal quotations and citation omitted).
[17] *Id.*
[18] Doc. No. 92 at 5.

would not seek to offer evidence of possession of other guns on other occasions, as knowledge would not then be at issue.[19] At oral argument, the government stated that due to the absence of a stipulation, the government alleges constructive possession. The Court must therefore rule on the basis of a theory of constructive possession.

ii.      *Relevance to the Identified Purpose*

In order to satisfy this step, both the government and the district court must articulate why the prior bad acts evidence is relevant to the identified purpose. The government must "clearly articulate how the evidence fits into a chain of logical inferences, no link of which can be" an improper propensity inference.[20] The district court must also provide such an articulation upon granting the government's motion.[21]

Defendant claims that, as in *Brown*, the government cannot articulate such a chain of proper inferences. In *Brown*, police officers saw Brown make motions consistent with hiding a gun under the driver's seat of a Chevrolet Impala.[22] Brown alleged that the gun belonged to his girlfriend and had been left on the floor of the car without his knowledge.[23] The government sought to offer evidence that Brown had previously purchased guns through a "straw man" six years earlier to show (1) Brown's knowledge of the gun and (2) that Brown's girlfriend had in fact bought the gun on Brown's behalf.[24] The district court admitted the evidence as relevant "to show motive or knowledge and that type of thing along those lines."[25] The Third Circuit held that the government "completely failed to explain how the fact that Brown used a straw man in 2005 to purchase firearms tends to prove that he knowingly possessed the gun under the driver's

---

[19] Doc. No. 104 at 7-8.
[20] *United States v. Sampson*, 980 F.2d 883, 887 (3d Cir. 1992).
[21] *Id.* at 888.
[22] *Brown*, 765 F.3d at 284.
[23] *Id.* at 285.
[24] *Id.* at 286.
[25] *Id*.

seat of the Impala six years later. These are two entirely distinct acts, and participation in one has no relationship to the other."[26] The Third Circuit further found that no proper articulation of the relevance of the straw man purchases could be made because any articulation relied upon an impermissible propensity argument: Brown had purchased firearms through a straw man previously and therefore he had purchased the gun at issue through his girlfriend.[27]

In light of *Brown*, the pre-arrest evidence of Defendant with other guns must be analyzed separately from the post-arrest recordings of Defendant instructing his girlfriend to sell another gun. The Court holds that the relevance of the pre-arrest evidence presents a close question under *Brown*, but finds that the pre-arrest evidence does not fit into the required chain of inferences required by *Brown*, particularly as the government does not argue that this evidence shows that Defendant possessed the guns at issue in this case or any guns of the same make and model. Evidence that the Defendant may have possessed guns unrelated to the guns at issue in this case on two occasions in February and May 2011 does not permit any inference that Defendant has engaged in a distinctive pattern of behavior in the circumstances of this case. Thus, as in *Brown*, the relevance of the pre-arrest evidence depends upon an impermissible propensity inference: Defendant has knowingly possessed guns in the past, and therefore Defendant knowingly possessed guns on September 12, 2011. The pre-arrest evidence of Defendant's possession of other guns will therefore be excluded. However, if Defendant puts his knowledge of the guns at issue during the trial by any means, the Court may reconsider this ruling and permit the government to offer any pre-arrest evidence of Defendant's possession of other guns that may be appropriate under the circumstances.

---

[26] *Brown*, 765 F.3d at 293.
[27] *Id.* at 293-94.

The post-arrest recordings of the Defendant instructing his girlfriend to sell another gun are another matter, however. These recordings began within three days of Defendant's arrest and were made while Defendant was incarcerated on suspicion of the charged conduct. Because the recordings were made shortly after the charged conduct, at a time when Defendant knew that he would likely face criminal charges in this case, the recordings are relevant to showing Defendant's knowledge that he possessed guns on September 12, 2011, without reliance upon any improper inference about Defendant's propensity to possess guns. *Brown* therefore does not require exclusion of the recordings and reconsideration of the recordings' relevance is not warranted.

### iii.    *Prejudice*

The Court's balancing of the probative value of the post-arrest recordings and their prejudicial effect in the April 4, 2013 Order remains correct. Because the post-arrest recordings are directly probative of Defendant's knowledge that he possessed guns on September 12, 2011 and the probative value therefore outweighs any prejudicial effect.

### iv.    *Limiting Instruction*

The Court's April 4, 2013 Order stated that the Court would provide an appropriate limiting instruction, and the Court will do so.

## IV.    CONCLUSION

The Court finds that *Caldwell* and *Brown* constitute an intervening change in the governing law warranting partial reconsideration of the Court's Order of April 4, 2013. Because the government alleges constructive possession, Defendant's knowledge that guns were in the bag remains a material issue. After *Brown*, however, the government cannot provide a sufficient articulation of the relevance of the pre-arrest evidence that Defendant possessed other guns and

therefore that evidence will be excluded. *Brown* does not require exclusion of the post-arrest sound recordings because the recordings are relevant for three Rule 404(b) purposes: 1) to show state of mind, knowledge and intent to commit the acts charged in the indictment; 2) to show motive and opportunity to commit the acts charged in the indictment; and 3) absence of mistake or lack of accident in committing the acts charged in the indictment. Reconsideration will therefore be granted in part and denied in part.

An appropriate order follows.